FOR THE

# COUNTY OF YORK,

## 1852.

PRESENT:

HON. ETHER SHEPLEY, LL D., CHIEF JUSTICE.
HON. JOHN S. TENNEY, LL D.    }
HON. SAMUEL WELLS,            } ASSOCIATE JUSTICES.
HON. JOSEPH HOWARD.          }

## EMERSON *versus* JOY.

A nonsuit cannot be ordered, except by consent, after testimony has been introduced in defence.

ON EXCEPTIONS from the *District Court.*

DEBT on judgment for $40,54. Plea, *nul tiel record*, with brief statement of payment. The plaintiff introduced the record of the judgment. The defendant read a receipt from the plaintiff, for $10, in full of the judgment and execution, and introduced a witness who testified to the execution of the receipt, and to conversation between the parties, tending to show the reasons which induced the plaintiff to discharge the

Emerson *v.* Joy.

judgment for so small a sum.    The suit was commenced prior to the statute of 1851, c. 213, which prohibits the maintenance of actions upon claims, which have been settled, though settled for less than the amount due.    The Judge ruled that the action was defeated by that statute, and ordered a nonsuit.    To that order the plaintiff excepted.

*N. D. Appleton,* in support of the exceptions.

*I. S. Kimball,* contra.

SHEPLEY, C. J. — The nonsuit appears to have been ordered upon testimony introduced by the defendant.    The receipt signed by the plaintiff, and the testimony of the witness introduced by the defendant, might have been, if believed, fully sufficient to authorize a verdict for the defendant.    The Court could not, however, deprive the plaintiff of a right to have those facts considered by a jury.    A nonsuit cannot be ordered without consent, after testimony has been introduced in defence.                          *Exceptions sustained,*
*and nonsuit taken off.*